IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARNELL ROBERT BONNER,

          Plaintiff,                                           ORDER

      v.                                                       13-cv-103-bbc

AMELIA A. FYSTROM, Ph.D., CLAIR KRUGER,
HEATHER PAULUS, NANCY FULLER,
DAVID SCHOMMER and TABITHA REDLICH,

          Defendants.

---

      Plaintiff, a patient at the Mendota Mental Health Institution in Madison, Wisconsin has filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition, he has submitted a petition and affidavit to proceed without prepayment of fees and costs and a resident account statement.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a resident account statement covering the immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.) From the statement plaintiff has submitted, I conclude he has the means to prepay a portion of the filing fee in the amount of $4.28.

Plaintiff is reminded that paying the initial partial filing fee is just the first step in obtaining leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. After the court receives his payment, the court will take plaintiff's complaint under advisement for a determination under § 1915(e)(2) whether his action or any portion of it must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff seeks monetary relief against a defendant who is immune from such relief.

## ORDER

IT IS ORDERED that plaintiff Darnell Bonner qualifies financially for pauper status on the condition that he prepay $4.28 of the $350 filing fee. He is to submit a check or money order made payable to the clerk of court in that amount on or before March 5, 2013. If, by March 5, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 12th day of February, 2013.

BY THE COURT:

*Peter Oppeneer*
PETER OPPENEER
Magistrate Judge